March 26, 2015

72,411-12

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 31 2015

Abel Acosta, Clerk

Court Criminal of Appeals
Clerk, Abel Acosta

RE: WRIT NUMBER: 28362-F
Exparte, Damon T. Wilson

Dear Clerk Acosta,
Enclosed please find a copy of
"Applicant's objection to the trial
court response to the writ of
Habeas Corpus Application".
Please file this with this
Honorable court regarding
the writ application. Please
respond back after you filed
these papers. Please, if possible
make note to the court that I
did not receive my Memorandum
of law w/Exhibits from the convicting
court. They did not include them in the
Clerk's Record for support to my writ.
Thank you for your service to
this matter. Yours truly,
Damon T. Wilson #1437943
3899 State Hwy. 98
New Boston, TX 75570

Exparte, Damon Wilson    3rd Judicial District
Vs.    Court, Anderson
State of Texas    County, Texas

Court of Criminal Appeals
State of Texas,
Austin, TX

[ WRIT cause No. 28362-f . ]

Applicant's objection to the Trial
Court Response to the Writ of
Habeas Corpus Application

To the Honorable Judge of said court:
Now Comes, Damon T. Wilson, Pro Se,
in the above-styled and Numbered
cause of action and moves this court
to grant an written opinion and
written finding to Applicant petition,
and files this Motion for Applicant's
objection to the Trial court Response
to Writ of Habeas Corpus Application.
And Applicant would show the
following:

Page .1

## I.

The District Clerk failed to include Applicant's Memorandum of law with Exhibits into the Clerk's Record, for the supporting of Applicant writ application.

Applicant contends without the Memorandum of law he can not demonstrate his claims, that was raised in the Writ Application of Habeas Corpus. Applicant Respectfully Requests that this Honorable court to order the District Clerk, Janice Staples to forward those documents and Exhibits, So this court can fairly rule on Applicant's Evidence that proves Applicant to be innocent, Because there are controverted, previously unresolved facts Material to the legality of the Applicant's confinement.

Now, Applicant will show the following Reason:

Page. 2

## II.

The applicant contends, on or about, February 18, 2015, Allyson Mitchell, Criminal District Attorney of Anderson County, Texas, filed a waiver of service, regarding the Application of Habeas Corpus.

(1.) Applicant objects to the state's response because state's Attorney failed to disclose victim, prior inconsistent statement of a questionnaire, which was a different testimony at trial from the Questionnaire that was made in 2004.

(2.) Applicant objects to the state's failure to correct perjury testimony, as well as, violating Applicant right to a fair trial.

(3.) Applicant objects to the state's denying that the state had knowledge of using perjury testimony.

Applicant has proven his factual allegations in the MEMORANDUM of law by preponderance of evidence in newly discovered evidence. See, Writ of Application Regarding ground one.

Applicant objects to trial court failure to hold a hearing pertaining to the Application for writ. Applicant also objects to the trial court failure to conduct an findings and conclusions pertaining to the Application for writ. And Applicant will show why Judge Deborah Oakes Evans, should had submitted a finding's to determine if the facts was TRUE OR NOT TRUE. Applicant ask this Honorable court. How could you determine, if facts supporting the writ is true, if you fail to conduct an findings?

In this case, the victim testified that Applicant penis was hard, and the state withheld the evidence that shows the victim was lying. Which was a questionnaire that the victim made September. 17, 2004, this evidence would make a different outcome in the trial of 2007, of April.

The state and Trial court both remain silent to the Application writ of Habeas Corpus. Because if the 3rd Judicial District Court had conducted an findings. It would have shown that Applicant was innocence. Applicant Respectfully Requests that this Honorable court review the Application by conducting an Evidentary hearing in the above-styled and Numbered cause.

The Applicant is asking for an opportunity to a fair trial?

Applicant contends that a question should be considered if whether the questionnaire was Material to the case?

Page.5

A New trial is required, if the false testimony could in any reasonable likelihood have affected the judgment of the jury. But in order to determine if these facts are true, this Honorable court must remand this cause back to the district court with directions to make findings of facts, that needs to be develop in order for Applicant the same equal opportunity as the next person. In order for Applicant to prove his claims.

## PRAYER:

Applicant prays for justice and that this Honorable court remand this cause back for facts to be develop in affidavits. Applicant prays that this court order the convicting court to resolve the issue in the writ and forward Applicant's Memorandum of law that supports the writ.

Page. 6